# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

STEPHANIE RIDDICK  :
Rockville, Maryland  :   Jury Trial Demanded
  :
   Ms. Riddick  :
  :
v.  :   Case No.
  :
MIKE JOHANNS, SECRETARY,  :
UNITED STATES DEPARTMENT OF  :
AGRICULTURE  :
  :
  :
   Defendant.  :

## COMPLAINT

Plaintiff, Stephanie Riddick, by and through her undersigned counsel, complains of the defendant as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction and venue is proper because Ms. Riddick was employed by Defendant in the District of Columbia and 180 days have passed since Ms. Riddick filed her formal EEO complaints of discrimination with the Defendant.

### THE PARTIES

2. Plaintiff, Stephanie Riddick resides in Rockville, Maryland.

3. On information and belief, Defendant Mike Johanns, Secretary, United States Department of Agriculture (USDA), is named in his official capacity as secretary of the agency that employed Ms. Riddick within the U.S. government.

# FACTS

4. This action is filed under Title VII of the Civil Rights Act of 1964 and alleges that Defendant discriminated against Ms. Riddick based on her race (African American), color (black), sex (female) and in reprisal for initiating EEO complaints against the agency.

5. Ms. Riddick further alleges discrimination-based harassment.

6. Ms. Riddick was employed with Defendant from 1993 until September 2, 2005.

7. Ms. Riddick served as a union steward and elected officer of AFSCME Local 3976 from 1995 to September 2, 2005.

8. While serving as union steward, Ms. Riddick assisted other agency employees in filing EEO complaints.

9. In or about 2002, while employed in the Dairy, Livestock and Poultry Division, Ms. Riddick filed an informal complaint against the agency.

**Discrimination at the Agricultural Export Services Division,**

10. From in or about November 2002 until on or about June 27, 2004, Ms. Riddick was employed as an Agricultural Marketing Specialist, GS-1146-13, with the Agricultural Export Services Division, Foreign Agricultural Service (FAS).

11. On or about October 2, 2003, Ms. Riddick's Caucasian supervisors at the Agricultural Export Services Division placed Ms. Riddick on a Performance Improvement Plan (PIP) based on unsubstantiated claims of nonperformance. In fact, Ms. Riddick's job performance was fully successful or better in all performance elements. Ms. Riddick's supervisor had given Ms. Riddick a satisfactory evaluation in the required Mid-Year review in April 2003.

12. Ms. Riddick's supervisors claimed that they placed her on a PIP because of criticism from the Caucasian Executive Director of the Western United States Agricultural Trade Association (WUSATA). The Executive Director's criticism was unsubstantiated and unjustified.

13. During the fall of 2003, Ms. Riddick's supervisors attempted to terminate Ms. Riddick's employment and replace Ms. Riddick with a Caucasian employee. Ms. Riddick's supervisors were working with a Caucasian employee of the Human Resources Division of the USDA Farm Services Agency.

14. From December 2003 through March 2004, Ms. Riddick's supervisors denied Ms. Riddick the opportunity to serve as acting supervisor in violation of the AFSCME contract and the terms of the settlement agreement of a class action complaint filed by African American employees—EEO Class Complaint 890216, EEOC Docket No. 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.

15. From December 2003 to March 2004, Ms. Riddick's supervisors denied Ms. Riddick the opportunity to serve as Acting Deputy Director in violation of the AFSCME contract and the terms of the settlement agreement of a class action complaint filed by African American employees—EEO Class Complaint 890216, EEOC Docket No. 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.

16. By contrast, Ms. Riddick's supervisors selected a Caucasian employee to serve as Acting Deputy Director within days of her promotion to GS-13.

17. Ms. Riddick's supervisors delayed giving Ms. Riddick her 2003 performance appraisal until on or about February 13, 2004 even though the appraisal was due by October 2003.

3

18. Ms. Riddick's supervisors rated Ms. Riddick "fully successful" on her 2003 performance appraisal even though Ms. Riddick's performance merited a rating of "superior" or "outstanding."

19. Because Ms. Riddick's supervisors rated her "fully successful," Ms. Riddick was ineligible to receive a performance award that she deserved.

20. Ms. Riddick's supervisors also failed to give Ms. Riddick "spot" awards for her various achievements in 2003, including her work during her competitive detail at the United States Embassy in Mexico.

21. In or about March 2004, the agency placed Ms. Riddick on a temporary detail at Ms. Riddick's request.

22. In or about October 2004, Ms. Riddick's detail supervisors wrongfully rated Ms. Riddick's performance as "low superior" even though Ms. Riddick's performance merited a rating of "high superior" or outstanding.

23. Ms. Riddick filed an internal complaint and asked her supervisor to change her rating to "high superior."

24. Mr. Riddick's supervisor did not change the rating. He also failed to send the rating to the agency personnel office. Because the supervisor did not send her rating to personnel, Ms. Riddick did not receive her performance bonus.

### Discrimination at the Multilateral Trade Negotiation Division

25. On or about June 27, 2004, the agency competitively reassigned Ms. Riddick to the position of International Economist, GS-0110-13, with the Office of International Trade Policy, Multilateral Trade Negotiation Division, FAS.

26. Ms. Riddick had three Caucasian supervisors at the Multilateral Trade Negotiation.

27. Ms. Riddick's supervisors denied Ms. Riddick training opportunities essential to the performance of her assigned duties.

28. Ms. Riddick's supervisors failed to recognize Ms. Riddick's accomplishments.

29. One of Ms. Riddick's supervisors sent Ms. Riddick condescending and harassing emails and took hostile personnel actions against Ms. Riddick.

30. In October 2004, Ms. Riddick received a satisfactory annual official performance rating. The October 2004 performance rating was the last official performance rating which Ms. Riddick received. Because of her satisfactory performance, Ms. Riddick was eligible for a step increase.

31. On or about December 2, 2004, after only five months in the position, Ms. Riddick's supervisor claimed in writing that Ms. Riddick's performance was below acceptable levels even though Ms. Riddick's performance was satisfactory.

32. As a result of the supervisor's false claim that Ms. Riddick's performance was below acceptable levels, the agency notified Ms. Riddick that she was ineligible to receive the step increase.

33. On or about December 6, 2004, Ms. Riddick contacted EEO.

34. On or about January 11, 2005, the agency placed Ms. Riddick on a performance improvement period even though her performance was satisfactory.

35. On or about May 5, 2005, the agency issued Ms. Riddick a proposal to terminate her employment even though Ms. Riddick met the terms of the performance improvement period and despite Ms. Riddick's satisfactory career record.

5

36. Due to the harassment and discrimination Ms. Riddick faced in the Multilateral Trade Negotiation Division, between December 2004 and May 2005, Ms. Riddick made numerous requests for reassignment to other divisions. Ms. Riddick explained to the agency that she was requesting reassignment because she was in a hostile work situation. The agency ignored her requests.

37. Ms. Riddick provided oral and/or written appeals to senior level management employees regarding her very satisfactory work performance, along with the discrimination and retaliation she faced. USDA and Foreign Agricultural Service senior level officials chose to ignore virtually all of her requests and instead engaged in discriminatory and retaliatory behavior themselves.

38. With complete disregard of Ms. Riddick's outstanding 12-year career record, the agency terminated Ms. Riddick's employment effective September 2, 2005.

### COUNT 1

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-38.

40. By and through its conduct, Defendant discriminated against Plaintiff based on her race in violation of Title VII of the Civil Rights Act of 1964.

41. Plaintiff demands a trial by jury.

### COUNT 2

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-41.

43. By and through its conduct, Defendant discriminated against Plaintiff based on her color in violation of Title VII of the Civil Rights Act of 1964.

44. Plaintiff demands a trial by jury.

### COUNT 3

45.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-44.

46.     By and through its conduct, Defendant discriminated against Plaintiff based on her sex in violation of Title VII of the Civil Rights Act of 1964.

47.     Plaintiff demands a trial by jury.

### COUNT 4

48.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-47.

49.     By and through its conduct, Defendant discriminated against Plaintiff on the basis of unlawful retaliation because she opposed and complained about what she in reasonable good faith believed to be unlawful discrimination, in violation of Title VII of the Civil Rights Act of 1964.

50.     Plaintiff demands a trial by jury.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

WHEREFORE, Plaintiff demands judgment on Counts 1-4 and seeks lost wages/benefits, reinstatement or front pay benefits, compensatory damages for pain and suffering, mental anguish, emotional distress, in amounts to be determined by a jury but not less than $300,000 on each count, plus interest, costs, the amount of tax on award and reasonable attorney's fees.

Date: October 9, 2007

_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Alan Lescht & Associates, PC

7

1050 17th Street, N.W., Suite 220
Washington, DC  20036
Tel (202) 463-6036
Fax (202) 463-6067

Case 1:07-cv-01819-RJL   Document 1   Filed 10/09/2007   Page 8 of 8

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Stephanie Riddick

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan Lescht & Associates, P.C.
1050 17th Street, N.W., Suite 220
Washington, DC 20036
202-463-6036

## DEFENDANTS
Mike Johanns, Secretary, United States Department of Agriculture

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* 2255 | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964. Plaintiff alleges discrimination based on race, color, sex and reprisal.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐  NO ☒  If yes, please complete related case form.

DATE 9/25/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.