# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
STEPHANIE RIDDICK                       )
            Plaintiff                   )
                                        )          Civil Action No. 07-1819(RJL)
        v.                              )
                                        )
CHUCK CONNOR,                           )
ACTING SECRETARY,                       )
DEPARTMENT OF AGRICULTURE               )
            Defendant                   )
_____)

Defendant, Chuck Connor, in his official capacity as Acting Secretary of the

United States Department of Agriculture ("Defendant" or "the Agency"), through the

undersigned counsel, hereby answers the Complaint filed in the above-styled action.


## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ.

P. 12(b)(6).

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's Complaint.  Fed. R.

Civ. P. 12(b)(1).

## THIRD DEFENSE

Plaintiff failed to exhaust her administrative remedies.

## FOURTH DEFENSE

Plaintiff failed to timely initiate EEOC contact.

**FIFTH DEFENSE**

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

**JURISDICTION AND VENUE**

1. Paragraph 1 consists of Plaintiff Stephanie Riddick's ("Plaintiff") characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies that the allegations in the Complaint support subject matter jurisdiction in this Court. Further, Defendant denies that Plaintiff has exhausted all of her administrative remedies. It is admitted only that Plaintiff filed formal Equal Employment Opportunity administrative complaints of discrimination on November 22, 2003, March 23, 2005, and July 25, 2005. To the extent that any additional response is required, Defendant denies the remaining allegations in paragraph 1.

**THE PARTIES**

2. Denied. Paragraph 2 purports to identify Plaintiff's residence. Defendant is without information sufficient to form a belief as to whether he can admit or deny this statement. To the extent that a response is required, Defendant denies the allegations in paragraph 2.

3. Admitted with clarification. Defendant admits that Mike Johanns is the former Secretary of the United States Department of Agriculture and was sued in his official capacity. Chuck Connor is the current Acting Secretary of the United States Department of Agriculture. Defendant further admits that Plaintiff was formerly employed by the Agency.

2

## FACTS

4.      Denied.  Paragraph 4 constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her suit to which a response is not required.  To the extent that a response is required, Defendant denies that the allegations raised in the Complaint support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

5.      Denied.  Paragraph 5 constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her suit to which a response is not required.  To the extent that a response is required, Defendant denies that the allegations raised in the Complaint support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

6.      Admitted with clarification.  Plaintiff's service computation date is September 12, 1993, and she was employed by the Foreign Agriculture service until approximately September 2, 2005.

7.      Denied.  Defendant is without information sufficient to form a belief as to whether this statement is true or false.

8.      Denied.  Defendant is without information sufficient to form a belief as to whether this statement is true or false.

9.      Denied.

### Allegations of Discrimination at the Agricultural Export Services Division

10.      Admitted.

11.      Denied.

12.      Denied.

3

13.     Denied.

14.     Denied.  Paragraph 14 constitutes Plaintiff's legal conclusions to which a response is not required.  To the extent that a response is deemed required, Defendant denies all remaining allegations in paragraph 14.

15.     Denied.  Paragraph 15 constitutes Plaintiff's legal conclusions to which a response is not required.  To the extent that a response is deemed required, Defendant denies all remaining allegations in paragraph 15.

16.     Denied.

17.     Denied.

18.     Admitted in part and denied in part.  It is admitted that Plaintiff's superiors rated Plaintiff "fully successful" on her 2003 performance appraisal. Defendant denies all remaining allegations in paragraph 18.

19.     Denied.

20.     Denied.  Plaintiff received a Spot/Time Off Award on October 3, 2003. Defendant denies all remaining allegations in paragraph 20.

21.     Denied.  Plaintiff was on detail from April 4, 2004, to June 26, 2004. Defendant denies all remaining allegations in paragraph 21.

22.     Denied.

23.     Denied.

24.     Denied.

**Allegations of Discrimination at the Multilateral Trade Negotiation Division**

25.     Admitted in part and denied in part.  It is admitted that the Agency

reassigned Plaintiff to the Multilateral Trade Negotiations Division effective June 27,

2004.  Defendant denies all remaining allegations in paragraph 25.

26.     Admitted in part and denied in part.  It is admitted that Charles R. Bertsch

is a Caucasian male and was Plaintiff's supervisor in the Multilateral Trade Negotiations

Division.  However, from December 2003 to August 2004 Mr. Bertsch was on detail.  It

is further admitted that Debra D. Henke and Sara J. Schwartz are Caucasian and were in

Plaintiff's chain of command in the Multilateral Trade Negotiations Division.  Defendant

denies all remaining allegations in paragraph 26.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Admitted in part and denied in part.  It is admitted that on or about

December 2, 2004, the Agency notified Plaintiff that her performance was below an

acceptable level.  Defendant denies all remaining allegations in paragraph 31.

32.     Denied.

33.     Admitted in part and denied in part.  It is admitted that the EEO Counselor

Report dated March 18, 2005, indicates December 6, 2004, as the date of initial contact

with an EEO Counselor.  Defendant denies all remaining allegations in paragraph 33.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Admitted in part and denied in part.  It is admitted only that Plaintiff was terminated effective September 2, 2005.  Defendant denies all remaining allegations in paragraph 38.

## COUNT 1

39.     Defendant incorporates by reference the Answers set forth in paragraphs 1-38 above.

40.     Denied.  Paragraph 40 constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her suit to which a response is not required.  To the extent that a response is deemed required, Defendant denies that the allegations raised in the Complaint support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

41.     Paragraph 41 consists of Plaintiff's demand for a trial by jury to which no response is required.

## COUNT 2

42.     Defendant incorporates by reference the Answers set forth in paragraphs 1-41 above.

43.     Denied.  Paragraph 43 constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her suit to which a response is not required.  To the extent that a response is required, Defendant denies that the allegations raised in the Complaint support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

44.    Paragraph 44 consists of Plaintiff's demand for a trial by jury to which no response is required.

### COUNT 3

45.    Defendant incorporates by reference the Answers set forth in paragraphs 1-44 above.

46.    Denied.  Paragraph 46 constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her suit to which a response is not required.  To the extent that a response is deemed required, Defendant denies that the allegations raised in the Complaint support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

47.    Paragraph 47 consists of Plaintiff's demand for a trial by jury to which no response is required.

### COUNT 4

48.    Defendant incorporates by reference the Answers set forth in paragraphs 1-47 above.

49.    Denied.  Paragraph 49 constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her suit to which a response is not required.  To the extent that a response is deemed required, Defendant denies that the allegations raised in the Complaint support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

50.    Paragraph 50 consists of Plaintiff's demand for a trial by jury to which no response is required.

## DEMAND FOR JURY TRIAL

The remainder of the Complaint consists of Plaintiff's prayer for relief and demand for a trial by jury to which no response is required.  To the extent a response is required, Defendant states that Plaintiff is not entitled to the relief requested or to any relief whatsoever.

All allegations contained in the Complaint not heretofore specifically admitted, are hereby denied as completely as if separately and specifically denied.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970