UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE RIDDICK )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHUCK CONNOR, )<br>ACTING SECRETARY, )<br>DEPARTMENT OF AGRICULTURE )<br>Defendant ) | Civil Action No. 07-1819 (RJL) |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Fed. R. Civ. P. 26(f), L.Cv.R. 16.3, and the Court's General Order and Guidelines for Civil Cases (ECF) (the "General Order"), the parties, through their undersigned counsel, hereby state that they conferred and reached the agreements set forth herein. Pursuant to the rules of this Court and the General Order, counsel submit this report and a proposed Scheduling Order incorporating the parties' suggestions.

1. Statement of the Case:

**Plaintiff's Statement**

The Complaint alleges that Plaintiff, who was formerly employed by Defendant in several different capacities, was discriminated against based on her race (African American), sex (female) and in reprisal for initiating EEO complaints against the agency in violation of Title VII of the Civil Rights Act of 1964.

1

While employed by defendant, Plaintiff served as union steward and in that capacity assisted other agency employees in filing EEO complaints. Plaintiff filed an informal complaint against the agency in 2002.

Plaintiff worked as an Agricultural Marketing Specialist for the Agricultural Expert Services Division, Foreign Agricultural Service (FAS) from November 2003 to June 27, 2004. Discriminatory acts that occurred while Plaintiff was working in this position include (1) agency placed Plaintiff on a performance improvement plan (PIP) despite job performance that was fully successful or better; (2) agency attempted to terminate her employment and replace her with a Caucasian employee; (3) agency denied Plaintiff the opportunity to serve as acting supervisor; (4) agency denied Plaintiff the opportunity to serve as Acting Deputy Director; (5) agency delayed giving Plaintiff her 2003 performance appraisal; (6) agency rated Plaintiff fully successful even though her performance merited a rating of superior or outstanding and thus, Plaintiff was denied a performance award; (7) agency failed to give Plaintiff spot awards for her various achievements; (8) agency rated Plaintiff's performance during a detail as low superior even though her performance merited a rating of high superior or outstanding; (9) agency failed to submit her rating to personnel resulting in Plaintiff not receiving her performance bonus.

Plaintiff worked as an International Economist for the Office of International Trade Policy, Multilateral Trade Negotiation Division, FAS.   Discriminatory acts that occurred while Plaintiff was working in this position include (1) agency denied Plaintiff training opportunities; (2) agency supervisors sent Plaintiff condescending and harassing emails; (3) agency failed to give Plaintiff a step increase (4) after Plaintiff contacted EEO, agency placed Plaintiff on a PIP even though her performance was satisfactory; (5) agency issued Plaintiff a proposal to terminate her employment

even though Plaintiff met the terms of the PIP; (6) agency denied Plaintiff's requests for reassignment due to a hostile work environment; (7) agency terminated Plaintiff's employment.

**Defendant's Statement**

The defendant denies that any acts of discrimination or reprisal occurred. Plaintiff will be unable to establish all essential elements of her claims. Defendant has legitimate non-discriminatory/ retaliatory reasons for its actions. Even if plaintiff were able to establish a discriminatory or retaliatory motive, the defendant would have taken the same action in the absence of the impermissible motivating factor.

2.  Dispositive Motions

Plaintiff does not intend to file a dispositive motion. Defendant intends to file a dispositive motion following the close of discovery.

3.  Joinder and Amendment

The parties agree that third party pleadings and amended pleadings, if any, should be filed within 60 days after the entry of a Scheduling Order unless otherwise ordered by the Court for good cause shown.

4.  Magistrate Judge

The plaintiff consents to assignment of this case to a Magistrate Judge for all purposes. The defendant does not consent to assignment of this case to a Magistrate Judge for all purposes.

5.  Settlement

The plaintiff consents to early mediation before a Magistrate Judge. The defendant does not believe that mediation would be productive until some discovery is taken in this matter.

6.  ADR

The plaintiff consents to early mediation before a Magistrate Judge. The defendant does not believe that mediation would be productive until some discovery is taken in this matter.

7.  Dispositive Motions Schedule

The parties propose that any dispositive motions be filed no later than 45 days after the close of discovery; any opposition be filed within 30 days after the filing of the motion; and any reply be filed within 15 days after the filing of the opposition.

8.  Initial Disclosures

The parties stipulate and agree to dispense with initial disclosures under FRCivP 26(a)(1).

9.  Extent of Discovery

The parties propose that fact discovery close six months after the date the Scheduling Order is entered. The parties agree that the limitations on discovery contained in F.R.Civ.P. 30, 33, & 34 should apply, i.e. that there be no more than 25 interrogatories and no more than 10 depositions per party. Further, no deposition shall exceed six hours per witness.

10.  Expert Witnesses

The parties recommend that expert disclosures, if any, required by F.R.Civ.P. 26(a)(2) be made by September 8, 2008 and that any rebuttal expert disclosure be made by October 9, 2008. Expert depositions, if any, are to be conducted by October 30, 2008.

11.  Class Action

This is not a class action lawsuit.

12.  Bifurcation

The parties do not seek bifurcation.

13.  Pre-trial Conference

The Pre-trial Conference should be scheduled by the Court following completion of discovery and decision on any dispositive motions.

14.     Trial Date

The parties agree that the date of trial should be scheduled by the Court at the pre-trial conference.

15.  Proposed Order

A proposed Scheduling Order is submitted herewith.


Respectfully submitted,


_____/s/_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Alan Lescht & Associates, P.C.
1050 17th Street, N.W.
Suite 220
Washington, DC  20036
202-463-6036
202-463-6067 (fax)



_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE RIDDICK )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHUCK CONNOR, )<br>ACTING SECRETARY, )<br>DEPARTMENT OF AGRICULTURE )<br>Defendant ) | Civil Action No. 07-1819 (RJL) |

## SCHEDULING ORDER

Upon consideration of the joint meet and confer report of the parties, it is hereby ORDERED as follows:

1. Third party pleadings and amended pleadings shall be filed within 60 days after the entry of this Order.

2. Any dispositive motions shall be filed no later than 45 days after the close of discovery, any opposition shall be filed within 30 days after the dispositive motion is filed, and any reply shall be filed within 15 days after the opposition is filed.

3. Initial disclosures are not required.

4. Discovery shall close six months after the entry of this Order.

5. Expert disclosures shall be made by September 8, 2008 and any rebuttal expert disclosure shall be made by October 9, 2008. Expert depositions, if any, are to be conducted by October 30, 2008.

6. The pre-trial conference shall be set following completion of discovery and decision on any dispositive motions.

7. The trial of this case shall be set at the pre-trial conference.

SO ORDERED on this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE