7 10 03:48p        Stephanie Riddick        3016562670        p.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE RIDDICK )<br>Plaintiff )<br>)<br>v. )<br>)<br>TOM VILSACK, )<br>SECRETARY, )<br>DEPARTMENT OF AGRICULTURE )<br>Defendant )<br>) | Civil Action No. 07-1819 (RJL) |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiff, Stephanie Riddick, and defendant, the Secretary of the Department of Agriculture (Agency), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. <u>Settlement Payment</u>. Defendant shall pay plaintiff the total sum of Three Hundred Thirty Thousand Dollars ($330,000). This payment shall be made by an electronic transfer of funds as specified in instructions provided to defendant's counsel by plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 7 hereof. Plaintiff and plaintiff's counsel shall co-operate with defendant to insure that all documentation required to process this payment is complete and accurate. This payment is inclusive of plaintiff's attorney's fees, costs, and

other litigation expenses, and defendant shall have no further liability for those fees, costs, and expenses. Plaintiff and plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

2. <u>Performance Rating</u>. Defendant shall amend plaintiff's Annual Performance Rating of Record for the period from 10/01/02 through 09/30/03 to reflect a rating of 'High Superior'. This amended Annual Performance Rating of Record will be substituted for the existing one in plaintiff's Official Personnel Folder and Employee Performance File. The Defendant will provide a copy of the revised rating to the plaintiff.

3. <u>References</u>. Defendant agrees to provide plaintiff with the letter of reference attached as an Exhibit hereto, executed by Franklin D. Lee, Deputy Administrator.

4. <u>Sick Leave.</u> Defendant agrees to restore 500 hours of sick leave in addition to the plaintiff's previous sick leave record and to provide the plaintiff documentation.

5. <u>Letter.</u> Defendant agrees to provide plaintiff with a letter from the agency attached as an exhibit hereto, which states that her claims against the U.S. Department of Agriculture have been settled pursuant to the stipulated settlement agreement filed in Civil Action 07-1819 in the United States District Court for the District of Columbia.

6. <u>OWBPA Compliance</u>. Plaintiff acknowledges that she has been given at least twenty-one (21) calendar days within which to consider this Stipulation, and that the waiver of her rights and claims hereunder is a knowing and voluntary waiver. Plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period

following her execution hereof. Such revocation must be in writing and delivered to defendant's counsel on or before the seventh calendar day after the date on which plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By his signature below, plaintiff's counsel represents that: (i) he has served as plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation and has discussed its terms with plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this settlement agreement.

7. <u>Dismissal with Prejudice</u>. Unless plaintiff timely exercises her right to rescind this Stipulation as provided in Paragraph 6 hereof, defendant's counsel may file the fully executed Stipulation with the Court at any time after the expiration of seven (7) calendar days after the date on which the Stipulation was signed by plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation.

8. <u>Release</u>. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by plaintiff in the above-captioned civil action and any related administrative complaints against the Agency, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and plaintiff agrees not to

hereafter assert any claim or institute or prosecute any civil action or other proceeding against the defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein. Plaintiff hereby fully and forever releases and discharges the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date

--4--

plaintiff signs this Stipulation which may affect plaintiff's future compensation, or (ii) plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

9. <u>No Assignment</u>. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

10. <u>Reemployment</u>. Plaintiff agrees that, for a period of 5 years after the date on which the above-captioned civil action is dismissed pursuant to Paragraph 7 hereof, she will not seek or accept employment from the Agency, or any of its components, either as a status employee or as a personal services contractor.

11. <u>No Admission of Liability</u>. This Stipulation has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not

be construed as, an admission that defendant, the Agency, or any of the Agency's present or former employees or agents violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

12. <u>Tax Consequences</u>. Plaintiff acknowledges that she has not relied on any representations by defendant or defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to plaintiff.

13. <u>Entire Agreement</u>. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

14. <u>Amendments</u>. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

15. <u>Construction</u>. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

16. <u>Headings</u>. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

17. <u>Severability</u>. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

18. <u>Further Assurances</u>. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

19. <u>Right to Cure</u>. If either plaintiff or defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or

–7–

otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

20. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

    If to plaintiff: c/o Susan L. Kruger, Esq.
                  Alan Lescht & Associates, P.C.
                  1050 17th Street, N.W. #400
                  Washington, DC  20036
                  202-463-6067 (fax)
                                (Email)

    If to defendant:  Britt D. Russell Stuart
                        Attorney Advisor
                        U.S. Department of Agriculture
                        Office of the General Counsel, Civil Rights Division
                        1400 Independence Avenue SW, Room 3324A
                        Washington, DC 20250
                        (202) 720-4089 (fax)
                                   (Email)

    with copy to:  Rhonda C. Fields
                      Assistant United States Attorney
                      Civil Division
                      555 Fourth Street, N.W.
                      Washington, D.C.  20530
                       202/514/8780 (fax)
                      Rhonda.fields@usdoj.gov

21. **Execution.** This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

22. **Governing Law.** This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

23. **Binding Effect.** Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 6 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

*Stephanie Riddick*
STEPHANIE RIDDICK
Date: 9/17/10

*Susan Kruger*
SUSAN KRUGER, ESQ.

RONALD C. MACHEN Jr.,
D.C. Bar #447889
United States Attorney

RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney

By: /s/ Rhonda C. Fields

—9—

Date: 9/28/10

RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.   20530
202/514/6970
Fax:    202/514/8780

Date: 9-27-10

**SO DISMISSED on this \_\_\_\_ day of _____, 2010**

_____
**UNITED STATES DISTRICT JUDGE**



SEP 14 2010

United States
Department of
Agriculture

Farm and
Foreign
Agricultural
Services

Foreign
Agricultural
Service

1400
Independence
Ave, SW
Stop 1031
Washington, DC
20250-1031



To Whom It May Concern

Ms. Stephanie Riddick worked for the United States Department of Agriculture's Foreign Agricultural Service (FAS) for a more than a decade and consistently demonstrated strong leadership skills, outstanding communication skills and enviable interpersonal skills, all necessary attributes for success in our rather demanding agency. She was one of FAS' top mentors, constantly coaching, not only new employees but those who had been with the agency for many years as well.

Ms. Riddick served in various capacities in FAS during her years with the agency, with the last two positions in the program area that I oversaw at that time, the Commodity and Marketing Programs (CMP), arguably the most demanding of program areas in the agency. (Since the reorganization of the agency, CMP no longer exists). Ms. Riddick was considered an agency leader, especially since she was elected by her peers to represent them in the agency's bargaining unit, a position of honor and accorded a high degree of respect. She served in that capacity and as a representative and negotiator in the agency's formal Partnership Council for a number of years with high distinction.

In the Commodity and Marketing Program area, Ms. Riddick brought the same outstanding leadership skills to her position as a Marketing Specialist. In her area of responsibility, she worked with private sector organizations in helping them establish and carry out a multitude of activities to promote U.S. agricultural products to other countries. For example, Ms. Riddick was competitively selected to go on a detail assignment to the U.S. Agricultural Trade Office at the U.S. Embassy in Mexico City. Using her professional experience and Spanish language skills she was able to assist our exporters in opening doors to the vast Mexican market. She left Mexico with outstanding praise from our Agricultural Trade Office Director for a job well done. While there, Ms. Riddick demonstrated her commitment to hard work to achieve a positive outcome as well as an important sense of cultural awareness, key to successful performance in a foreign environment. Ms. Riddick always demonstrated creativity, initiative and outstanding counseling skills in her approach to her duties and was always successful in helping the agency achieve its goals. I am sure that Ms. Riddick will be as successful in any organization, given the many outstanding gifts she has to offer, along with the willingness to share with others.

Sincerely,

Franklin D. Lee
Deputy Administrator
Office of Administrative Operations
Foreign Agricultural Service
United States Department of Agriculture

United States
Department of
Agriculture

Farm and Foreign
Agricultural
Services

Foreign
Agricultural
Service

1400 Independence
Ave, SW
Stop 1001
Washington, DC
20250-1001

14 September 2010

To Whom It May Concern,

Please be advised that all claims of Stephanie Riddick against the U.S. Department of Agriculture have been settled pursuant to the stipulated settlement agreement filed in Civil Action 07-1819 in the United States District Court for the District Of Columbia. As is stated therein, the stipulated settlement agreement is not intended to and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses.

Sincerely,

*[signature]*

John Brewer
Administrator

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE RIDDICK<br>Plaintiff<br><br>v.<br><br>TOM VILSACK,<br>SECRETARY,<br>DEPARTMENT OF AGRICULTURE<br>Defendant | Civil Action No. 07-1819 (RJL) |

## STIPULATION OF SETTLEMENT AMENDMENT

Plaintiff, Stephanie Riddick, and defendant, the Secretary of the Department of Agriculture (Agency), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that paragraph 1 of the Stipulation of Settlement and Dismissal to which this is appended is hereby amended to read as follows:

1.   <u>Settlement Payment</u>.   Defendant shall pay plaintiff the total sum of Three Hundred Thirty Thousand Dollars ($330,000).   This payment shall be made by an electronic transfer of funds as specified in instructions provided to defendant's counsel by plaintiff's counsel in writing.   Payment shall be made as promptly as practicable  by the Department of Agriculture following the dismissal of the above-captioned civil action pursuant to Paragraph 7 hereof.   Plaintiff and plaintiff's counsel shall co-operate with defendant to insure that all documentation required to process this payment is complete and accurate.   This payment is inclusive of plaintiff's attorney's fees, costs, and other

litigation expenses, and defendant shall have no further liability for those fees, costs, and expenses. Plaintiff and plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation of Settlement Amendment on the dates shown below.

|  |  |
|---|---|
| Date: _____<br>_/s/ Susan Kruger_<br>SUSAN KRUGER, ESQ.<br>Date: 9/23/10 | RONALD C. MACHEN Jr.,<br>D.C. Bar #447889<br>United States Attorney<br><br>RUDOLPH CONTRERAS<br>D.C. Bar # 434122<br>Assistant United States Attorney<br><br>By: _/s/ Rhonda C. Fields_<br>RHONDA C. FIELDS<br>Assistant United States Attorney<br>Civil Division<br>555 Fourth Street, N.W.<br>Washington, D.C.  20530<br>202/514/6970<br>Fax:  202/514/8780<br><br>Date: September 21, 2010 |

-2-